[Cite as *State v. Beaver*, 2022-Ohio-4578.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Earle E. Wise, Jr., P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 2022CA00030 |
| | : | |
| STEVEN CLARENCE BEAVER | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Stark County Court of Common Pleas, case no. 2021CR2346

JUDGMENT:     AFFIRMED

DATE OF JUDGMENT ENTRY:     December 19, 2022

APPEARANCES:

For Plaintiff-Appellee:

KYLE L. STONE
STARK CO. PROSECUTOR
TIMOTHY E. YAHNER
110 Central Plaza South, Ste. 510
Canton, OH 44702-1413

For Defendant-Appellant:

BERNARD L. HUNT
2395 McGinty Road NW
North Canton, OH 44720

*Delaney, J.*

{¶1} Appellant Steven Clarence Beaver appeals from the February 25, 2022, Judgement Entry of the Stark County Court of Common Pleas. Appellee is the state of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2} This case arose on August 14, 2021, when appellant lived with his girlfriend Jane Doe at his mother's house in Canton. The couple have three children together, ages 9, 8, and 3 at the time of these events. On this date, Doe and the children picked appellant up after work around 8:00 p.m. and went to Little Caesar's to pick up dinner.

{¶3} Jane Doe entered the restaurant to get the pizza while appellant and the children remained in the vehicle, with appellant in the driver's seat. Appellant became frustrated with the wait and honked the horn and squealed the vehicle's tires, aggressively driving around the parking lot. With the children in the backseat, appellant whipped into one parking space, then another.

{¶4} Jane Doe exited the restaurant with the food and appellant yelled insults and expletives at her, accusing her of flirting with men inside the restaurant. Doe entered the passenger side of the vehicle as appellant screamed obscenities at her. Appellant drove aggressively, speeding, squealing the tires, and whipping through turns.

{¶5} Jane Doe denied flirting with anyone in the restaurant as she faced appellant, and appellant punched her in the right eye. He struck her again with a fist or an elbow, in the jaw. Doe believed she lost consciousness. When she regained consciousness, appellant accused her of being a great actress and pretending to be knocked out.

{¶6}   The children witnessed appellant strike their mother.  Appellant continued to drive the van "angrily," in Doe's estimation, speeding and squealing the tires. The children were yelling "stop" while appellant struck Doe.

{¶7}   Doe called her grandmother for safety in case anything happened.

{¶8}   Upon arriving home, Doe frantically ran inside the house and told appellant's mother he hit her. Doe was frantic and in pain. Appellant's mother began calling police despite appellant's attempts to stop her. When his mother continued to place the call, appellant threw pizza at her.

{¶9}   Appellant fled the residence before police arrived.

{¶10}  The children were upset.  They had yelled at their father to stop hitting their mother.  The pizza had been ruined.

{¶11}  Doe had a panic attack and appellant's mother called an ambulance. Doe declined medical attention because she had no one to watch the children.

{¶12}  Two days later, Doe sought medical attention at a stat care facility because her jaw and ribs hurt. She was diagnosed with a chest contusion and a mandibular fracture. Doe did not follow up with required treatment, however, and her jaw remains misaligned.

{¶13}  Doe admitted on cross-examination that she has gone to appellant's workplace since the incident because the children want to see their father. She has contacted appellant for help with her vehicle and has messaged him several times. She was not aware how the pain in her ribs started because she remembered appellant striking her in the eye and jaw but was not aware of an injury to her ribs.  When asked

why she told police appellant struck her 20 times, not twice, Doe said she was in a frantic state.

{¶14} Ptl. Spencer Zeruechel of the Canton Police Department responded to the call and met with Doe, whom he found hyperventilating, holding her ribs, and crying. Doe told him appellant struck her 20 times after accusing her of flirting with someone inside the pizza shop. Doe refused medical attention because she didn't want to leave her three children at the residence. Police did not speak to appellant because he fled the scene, and the children were too young to provide helpful information.

{¶15} Appellant's mother testified on his behalf at trial. She said Jane Doe told her appellant punched her in the face 20 times, leading her to call police on the night of the incident. The mother did not observe any injuries and testified that Doe remained at the residence that evening. Appellant's employer also testified for the defense and stated that Doe visited appellant at his workplace after the incident.

{¶16} Neither party called any medical witness to testify at trial, but both stipulated to the authenticity of records from stat care which Doe visited on April 16, 2021. The records indicated the treating physician took an x-ray and diagnosed Doe with chest contusions and a mandibular fracture and referred her to the hospital for a CT scan. A second doctor who reviewed the X-ray concluded he could not make a diagnosis; he did not find the absence of a fractured jaw but concluded he needed a CT scan to view the jaw properly.

{¶17} Appellant was charged by indictment with one count of felonious assault pursuant to R.C. 2903.11(A)(1)(D)(1)(a), a felony of the second degree, and three counts

of child endangering pursuant to R.C. 2919.22(A)(E)(2)(a), all misdemeanors of the first degree. Appellant entered pleas of not guilty.

{¶18} The matter proceeded to trial by jury. Appellant moved for judgments of acquittal pursuant to Crim.R. 29(A) at the conclusion of appellee's evidence and at the conclusion of all the evidence; the motions were overruled. Appellant was found not guilty of felonious assault but guilty of the lesser-included offense of assault pursuant to R.C. 2903.13(A), a misdemeanor of the first degree. Appellant was also found guilty of all three counts of child endangering. The trial court sentenced appellant to a total aggregate jail term of 12 months, and he was ordered to have no contact with Jane Doe. His contact with his children is subject to court order from the Stark County Family Court.

{¶19} Appellant now appeals from the judgment entry of conviction and sentence dated February 25, 2022.

{¶20} Appellant raises three assignments of error:

**ASSIGNMENTS OF ERROR**

{¶21} "I. THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S RULE 29 MOTION FOR ACQUITTAL AS NOT ENOUGH EVIDENCE WAS PRESENTED IN REGARDS TO SERIOUS HARM, AN ESSENTIAL ELEMENT OF THE ASSAULT CHARGE."

{¶22} "II. THE APPELLANT'S ASSAULT CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND NOT SUPPORTED BY SUFFICIENT EVIDENCE."

{¶23} "III. COUNSEL FOR APPELLANT WAS INEFFECTIVE BY FAILING TO OBJECT TO THE ADMISSION OF THE DOCTOR'S REPORTS."

**ANALYSIS**

I., II.

{¶24} Appellant's first and second assignments of error are related and will be considered together. He argues appellee presented insufficient evidence of serious physical harm, and that his resulting assault conviction is against the manifest weight and sufficiency of the evidence. We disagree.

{¶25} The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different. *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541, paragraph two of the syllabus. The standard of review for a challenge to the sufficiency of the evidence is set forth in *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991) at paragraph two of the syllabus, in which the Ohio Supreme Court held, "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."

{¶26} In determining whether a conviction is against the manifest weight of the evidence, the court of appeals functions as the "thirteenth juror," and after "reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered." *State v. Thompkins*, supra, 78 Ohio St.3d at 387.

Reversing a conviction as being against the manifest weight of the evidence and ordering a new trial should be reserved for only the "exceptional case in which the evidence weighs heavily against the conviction." *Id.*

{¶27} Appellant was found guilty of one count of assault with respect to Jane Doe, a first-degree misdemeanor, pursuant to R.C. 2903.13(A), which states in pertinent part: "No person shall knowingly cause or attempt to cause physical harm to another * * *."[1]

{¶28} Appellant first asserts his motion for acquittal pursuant to Crim.R. 29(A) should have been granted because appellee presented insufficient evidence of serious physical harm. We note, however, that appellant was not convicted of felonious assault; the jury found him guilty upon the lesser offense of assault, which does not include the element of serious physical harm. Appellant's first assignment of error is thus not well-taken.

{¶29} In his second assignment of error, appellant argues no evidence exists to support Jane Doe's claims that he struck her twice inside the van. Neither appellant's mother nor the police officer observed visible injury to Doe, and the medical records are ambiguous at best.

{¶30} Doe testified that appellant struck her twice in the van after the family left the pizza shop. The testimony of a single witness, if believed by the trier of fact, is sufficient to support a conviction. *State v. Nash*, 5th Dist. Stark No. 2014CA00159, 2015-Ohio-3361, ¶ 20, citing *State v. Cunningham,* 105 Ohio St.3d 197, 2004-Ohio-7007, 824 N.E.2d 504, at ¶ 51–57. Appellant also points to minor inconsistencies in Doe's account. While the jury may take note of inconsistencies and resolve or discount them

---

[1] Appellant does not challenge his convictions upon three counts of child endangering.

accordingly, such inconsistencies alone do not render a conviction against the manifest weight or sufficiency of the evidence. *State v. Wolters*, 5th Dist. No. 21CA000008, 2022-Ohio-538, 185 N.E.3d 601, ¶ 20, citing *State v. Craig*, 10th Dist. Franklin App. No. 99AP-739, 2000 WL 297252, (Mar. 23, 2000) *3, internal citation omitted. We note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. Jamison,* 49 Ohio St.3d 182, 189, 552 N.E.2d 180 (1990). The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." *Davis v. Flickinger,* 77 Ohio St.3d 415, 418, 674 N.E.2d 1159 (1997).

{¶31} Doe's emotional state as viewed by appellant's mother and the police officer corroborate her fear and agitation that night. The jury was evidently able to view the evidence objectively and find that although appellant did commit assault, there was insufficient evidence of serious physical harm. Doe's testimony, if believed, supports a conviction for a charge of misdemeanor assault in violation of R.C. 2903.13(A).

{¶32} Upon review, we decline to second-guess the credibility determinations of the jury in this matter. This is not an "'exceptional case in which the evidence weighs heavily against the conviction.'" *Thompkins*, 78 Ohio St.3d at 387, quoting *Martin*, 20 Ohio App.3d at 175. The trial court neither lost its way nor created a miscarriage of justice in convicting appellant of assault, and appellee presented evidence of his guilt beyond a reasonable doubt.

{¶33} Appellant's first and second assignments of error are overruled.

III.

{¶34} In his third assignment of error, appellant argues he received ineffective assistance of defense trial counsel because counsel stipulated to the authenticity of the medical records when no doctor was available to testify.  We disagree.

{¶35} A claim of ineffective assistance of counsel requires a two-prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). In order to warrant a finding that trial counsel was ineffective, the petitioner must meet both the deficient performance and prejudice prongs of *Strickland* and *Bradley. Knowles v. Mirzayance*, 556 U.S. 111, 129 S.Ct. 1411, 1419, 173 L.Ed.2d 251 (2009).

{¶36} The United States Supreme Court discussed the prejudice prong of the *Strickland* test:

> With respect to prejudice, a challenger must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id., at 694, 104 S.Ct. 2052. It is not enough "to show that the errors  had some conceivable effect on the outcome of the proceeding." *Id.*, at 693, 104 S.Ct. 2052. Counsel's errors must be

"so serious as to deprive the defendant of a fair trial, a trial whose

result is reliable." *Id.*, at 687, 104 S.Ct. 2052.

{¶37} The United States Supreme Court and the Ohio Supreme Court have held a reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Bradley,* 42 Ohio St.3d at 143, 538 N.E.2d 373, *quoting Strickland,* 466 U.S. at 697, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

{¶38} Debatable strategic and tactical decisions may not form the basis of a claim for ineffective assistance of counsel. *State v. Phillips*, 74 Ohio St.3d 72, 85, 656 N.E.2d 643 (1995). Even if the wisdom of an approach is questionable, "debatable trial tactics" do not constitute ineffective assistance of counsel. *Id.*

{¶39} Appellant argues defense trial counsel's stipulation to the authenticity of the stat care records is ineffective assistance. Upon review we find there is no reasonable probability that the outcome of the trial would have been different had counsel objected to admission or authenticity of the records. "Trial counsel is not ineffective for choosing, for tactical reasons, not to pursue every possible trial objection." *State v. West*, 5th Dist. No. 16 CA 11, 2017-Ohio-4055, 91 N.E.3d 365, ¶ 102, citing *State v. Raypole*, 12th Dist. Fayette No. CA2014-05-009, 2015-Ohio-827, ¶ 24.

{¶40} In the instant case, as noted supra in our discussion of appellant's second assignment of error, the medical records are ambiguous at best, and Doe did not follow up with recommended treatment. While the records do corroborate the existence of an injury, the extent of the injury is unsettled, a fact that defense trial counsel exploited on appellant's behalf.  The records may well have helped the jury find that Doe did not sustain

serious injury because the second doctor did not confirm the allegedly-broken jaw. We decline to find ineffective assistance by counsel because admission of the records alone, without supporting testimony, may have been a trial tactic in support of appellant's argument that Doe did not sustain serious physical harm. We find no prejudice to appellant arising from admission of the records and therefore find no ineffective assistance of defense trial counsel.

{¶41} Appellant's third assignment of error is overruled.

## CONCLUSION

{¶42} Appellant's three assignments of error are overruled and the judgment of the Stark County Court of Common Pleas is affirmed.

By: Delaney, J.,

Wise, Earle, P.J. and

Gwin, J., concur.